USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,

-against-

ILONA DZHAMGAROVA, IGOR REZNIK, and ARTHUR ARCADIAN,

          Defendants.

1:21-cr-58-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    Defendant Igor Reznik has been charged in a one-count Indictment with conspiracy to commit immigration fraud, in violation of 18 U.S.C. § 371. [ECF No. 2.] At his initial presentment, Magistrate Judge Lehrburger granted on consent bail with several conditions, including, *inter alia*, home detention, GPS monitoring, and restrictions on travel to the Southern and Eastern Districts of New York and the District of Maryland. [ECF No. 18.] Reznik's bail disposition does not provide for temporary additional travel upon consent of the Government and approval of Pretrial Services. [ECF No. 18.]

    On July 7, 2021, the Court denied Defendant Igor Reznik's motion to modify the terms of his release to permit him to travel to the Northern District of New York to perform with his band, *Mad Meg*, at the JetLAG music festival later this month. [ECF No. 47.] Reznik has moved for reconsideration of that decision. [ECF No. 48.]

    Although motions for reconsideration are not specifically recognized by the Federal Rules of Criminal Procedure, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)). In deciding criminal reconsideration motions, courts apply the

same standard for civil reconsideration motions under Local Civil Rule 6.3. *United States v. Kelly*, No. 19-CR-286 (AMD), 2021 WL 431030, at *1 (E.D.N.Y. Feb. 8, 2021) (collecting cases).

To succeed on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The Bail Reform Act provides, in relevant part, that the Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). When considering an application to modify a defendant's bail conditions, the Court considers "the statutory standards applicable to the setting of bail." *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981). Specifically, the Court considers the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the defendant's personal characteristics and criminal history, and the nature of the danger to the community posed by modification. *See* 18 U.S.C. § 3142(g).

Courts have found that the authorization to amend a release order in Section 3142(c) "is based on the possibility that a changed situation or new information may warrant altered release conditions." *United States v. Lafrance*, Cr. No. 16-10090-IT, 2016 WL 3882845, at *1 (D. Mass. July 13, 2016). Accordingly, "[c]onditions of bail should properly be modified if a substantial

change in circumstances as they existed at the time bail was fixed is clearly shown." *United States v. Falcetti*, No. 02 CR 140(ILG), 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2002).

There is no compelling reason to revisit the Court's earlier ruling.  It bears emphasizing at the outset that Reznik agreed to his conditions of release, which do not provide for travel to the Northern District of New York or for any temporary additional travel upon consent of the Government and approval of Pretrial Services.  [ECF No. 18.]  *See United States v. Fishman*, No. 1:20-cr-160 (MKV), 2020 WL 6365353, at *1 (S.D.N.Y. Oct. 29, 2020) (denying motion to modify bail conditions to permit travel where "existing bail conditions were negotiated and agreed to by [defendant] and were accepted by the Court").  The conditions Reznik now seeks to modify were determined to be the least restrictive conditions that would reasonably assure his appearance and the safety of the public.  *See* 18 U.S.C. § 3142(c)(1)(B).  Reznik has not identified any change in circumstances from the time the conditions of release were imposed.  There is no basis therefore to find that the requested modification would still reasonably assure Reznik's appearance and the safety of the public.  *See Falcetti*, 2002 WL 31921179, at *1 (denying motion to modify bail to permit defendant on electronic monitoring to travel from New York to Florida because no change in circumstances was shown).

In his reconsideration motion, Reznik claims for the first time that he is a "professional musician," that "performing music is his chosen occupation," and that "[a]ll work . . . performed in his adult life outside of music is to support his endeavors as a musician." [ECF No. 48.]  Reznik did not present this information to Pretrial Services in connection with his initial interview, to Magistrate Judge Lehrburger at the time his conditions of release were set, or in his initial motion, and therefore, it should not be considered here.  *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (affirming rejection of argument raised for the first time

on a motion for reconsideration as untimely (collecting cases)). In any event, Reznik's attempt to recharacterize his motion as an employment-related request is unavailing. Reznik previously reported to Pretrial Services that he worked as a translator. Although he mentioned that he was in a band, Reznik never reported being a "professional musician" or that his membership in his band is integral to his income and career. The Court thus rejects Reznik's attempt to present his request under a new theory. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))).

Accordingly, Reznik's motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to close docket entry 48.

**SO ORDERED.**

**Date:  July 21, 2021**
**New York, NY**

*(signature)*
**MARY KAY VYSKOCIL**
**United States District Judge**