USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

ILONA DZHAMGAROVA, IGOR REZNIK, and ARTHUR ARCADIAN,

Defendants.

1:21-cr-58-MKV

**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**

---

MARY KAY VYSKOCIL, United States District Judge:

On June 16, 2023, Defendant Igor Reznik was sentenced principally to a term of imprisonment of ten months following his plea of guilty to a charge of conspiracy to commit immigration fraud, in violation of 18 U.S.C. § 371. [*See* ECF No. 151].

In a February 5, 2024 Order, the Court noted that the Probation Department had determined that Mr. Reznik appeared to be eligible for an adjustment of his sentencing guidelines range based on Amendment 821 to the Sentencing Guidelines. The Court ordered letter briefing from Mr. Reznik and the Government stating their positions as to the potential modification of Mr. Reznik's sentence pursuant to Amendment 821. [ECF No. 165].

On February 9, 2024, defense counsel filed a letter moving for a reduction of Mr. Reznik's sentence. [ECF No. 167 ("Def. Ltr")]. On the same day, the Government filed its own letter brief. [ECF No. 166 ("Gov't Ltr")]. The parties agree that Mr. Reznik is eligible to seek a sentence reduction under Amendment 821, and that his Guidelines range would now be six to twelve months, based on an offense level of ten and a criminal history category of one. In support of the motion for a reduction in sentence, defense counsel states that Mr. Reznik and his wife recently welcomed a child, that Mr. Reznik is an only child who helped his mother care for his ill father prior to his imprisonment, and that Mr. Reznik is eager to return to his family and businesses. Def.

Ltr 2.  The Government opposes the motion, arguing that application of the factors set forth in 18 U.S.C. § 3553(a) does not counsel in favor of a reduction in Mr. Reznik's sentence.  Gov't Ltr 2.  In particular, the Government argues that a reduction would fail to reflect the seriousness of Mr. Reznik's offense and would create unwarranted sentencing disparities among Mr. Reznik and his codefendants.  Gov't Ltr 2–3.  The Government also notes that Mr. Reznik's imposed sentence of ten months' imprisonment fell within the original Guidelines range, and that the sentence remains within the adjusted Guidelines range yielded by Amendment 821.  Gov't Ltr 3.

The Court finds that Mr. Reznik is eligible to seek a sentence reduction and adopts the above calculations as to Mr. Reznik's amended Guidelines range.  However, having considered the record in this case and the parties' arguments, it is HEREBY ORDERED that Mr. Reznik's motion for a reduction in sentence is DENIED.  At the threshold, the Court recognizes that Mr. Reznik's imposed sentence of ten months' imprisonment is squarely within the amended Guidelines range of six to twelve months.  As the Court reasoned in imposing Mr. Reznik's sentence, Mr. Reznik's crime was very serious.  Mr. Reznik defrauded the already fragile immigration system in this country by fabricating false asylum affidavits.  The Court finds that any reduction in sentence would fail to reflect the seriousness of Mr. Reznik's offense and the need for deterrence.  In addition, a reduction in sentence would foster unwarranted sentencing disparities among similarly situated defendants, namely Mr. Reznik and his codefendants. As the Court found at sentencing, Mr. Reznik's crime was less serious than that of his codefendant Ilona Dzhamgarova, who received a sentence of twenty-four months' imprisonment, but more serious than that of his codefendant Arthur Arcadian, who received—and has now served—a sentence of six months' imprisonment.  A reduction in Mr. Reznik's sentence would fail accurately to reflect his respective culpability.  Finally, as the Court noted at sentencing, although the Court is

sympathetic to the family obligations that Mr. Reznik cites in support of the motion, these circumstances are not unique to his case, and do not outweigh the need for just punishment, for deterrence, and to promote respect for the law.

    The Clerk of Court respectfully is requested to terminate the motion pending at docket entry 167.

**SO ORDERED.**

Date:  **February 16, 2024**
       **New York, NY**

                *Mary Kay Vyskocil*
                **MARY KAY VYSKOCIL**
                **United States District Judge**