UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ILONA DZHAMGAROVA, IGOR REZNIK, and ARTHUR ARCADIAN,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/2024

21-cr-58 (MKV)

**ORDER GRANTING IN PART MOTION TO SEAL AND DENYING REQUEST TO ADJOURN SURRENDER DATE**

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of several submissions from Defendant Ilona Dzhamgarova ("Defendant"). [ECF Nos. 176, 177]. Defendant requests to adjourn her July 8, 2024 surrender date to a date in January 2025, citing family circumstances, including caretaking responsibilities for one of her children. [ECF No. 176-1]. The Probation Office is amenable to Defendant's request, and the Government takes no position. [ECF No. 176-1]. In support of her application, Defendant has attached various medical records and diagnoses pertaining to her minor child. [ECF Nos. 176-2–176-4]. Defendant moves to file these documents under seal. [ECF No. 177]. The Court assumes familiarity with the factual background and the procedural history of this case. For the following reasons, Defendant's motion to seal is GRANTED in part. Defendant's motion to adjourn her surrender date is DENIED.

  **I. Motion to Seal**

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In *Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020), the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of

1

public access has been rebutted with respect to a particular document.  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 59 (internal quotation marks omitted).  Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*

Here, the documents in question are judicial documents to which the presumption of public access attaches, because they are relevant to the performance of the judicial function—namely, the Court's resolution of Defendant's application to adjourn her surrender date.  However, although the documents are relevant to the performance of the Court's Article III function, the Court finds that the weight of the presumption of public access is relatively low.  "Where such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal."  *Amodeo*, 71 F.3d at 1050.  "Courts . . . generally permit medical and other sensitive information of minors to remain under seal."  *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, No. 17-CV-7150 (PAC) (KHP), 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024).  The Court finds that, in this case, the weight of the presumption of public access is outweighed by the privacy interest in the information.  *See*

*Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (cleaned up)); *Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022) ("An individual generally maintains significant privacy rights to [their] medical information, and courts regularly seal such information." (internal quotation marks omitted)).  Accordingly, Defendant's motion to seal is GRANTED in part, and the medical-record exhibits attached to Defendant's application [ECF Nos. 176-2, 176-3, 176-4] may remain under seal.  However, Defendant is ORDERED to redact her letter motion for an adjournment of her surrender date [ECF No. 176-1] as to any sensitive, private medical information and to file the redacted version of the document on the public docket no later than June 27, 2024.  *See Robinson*, 2022 WL 2712827, at *2 ("Portions of documents with no apparent relation to sensitive material generally should not be redacted or sealed.").

II. **Request to Adjourn Surrender Date**

Turning to the substance of Defendant's application, the Court has carefully considered the facts presented and the arguments made therein.  The Court is certainly sympathetic to the difficulties that Defendant's family faces in light of her imminent service of sentence.  However, the Court has already gone to extraordinary lengths to accommodate Defendant's family circumstances, most significantly by postponing Defendant's surrender date for over one year to stagger Defendant's sentence with that of her husband and codefendant, Arthur Arcadian.  [*See* ECF Nos. 142, 144, 152 at 28:23–30:14, 154 at 47:3–49:4].  Mr. Arcadian has now completed his term of incarceration and is at home with the family, serving his term of supervised release. Accordingly, Defendant has had over one year, including several months during which she has been able to co-parent with her husband, to prepare her family for her incarceration and for Mr.

3

Arcadian to assume his responsibility as the sole caregiver for the couple's children while Defendant serves her sentence.

Moreover, while the Court is understanding of the family's situation and, without disclosing the nature of Defendant's child's conditions, appreciates the seriousness of the circumstances, Defendant's case is not exceptional. Regrettably, incarceration inflicts family hardship on the vast majority of defendants who appear before this Court. However, the impact of Defendant's incarceration on her family is a consequence of her crime, not the sentence imposed by the Court.

Accordingly, Defendant's request to adjourn her surrender date is DENIED. Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 PM on July 8, 2024, as ordered in the Judgment in this case. [ECF No. 144].

The Clerk of Court is respectfully requested to terminate the motions pending at ECF Nos. 176 and 177.

**SO ORDERED.**

Date: **June 20, 2024**
**New York, NY**

*Mary Kay Vyskocil*
_____
**MARY KAY VYSKOCIL**
**United States District Judge**